UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH MICHAEL MILLER,

Plaintiff,

v.

URIBE, et al.,

Defendants.

Case No. 25-cv-07357-NW

**ORDER SCREENING COMPLAINT, ORDERING SERVICE**

Plaintiff Joseph Michael Miller, a state detainee, filed a pro se civil rights complaint under 42 U.S.C. § 1983, where he alleges violations of his constitutional rights while he was imprisoned at Salinas Valley State Prison ("SVSP"). The Complaint (ECF No. 1) is now before the Court for screening pursuant to 28 U.S.C. § 1915A(a). For the reasons outlined below, the Court **ORDERS SERVICE** of the Complaint.

I.      **BACKGROUND**

Miller alleges the following in his Complaint:

On October 15, 2021, in SVSP's "STRH stand alone unit," Miller hung a sheet on his cell window while using the restroom. Someone knocked on his door, and Miller said "restroom." ECF No. 1 at 3. Miller removed the sheet shortly thereafter and was sitting in his cell when Officer Perez walked into his cell without warning. Miller "proned out" on the floor and placed his hands behind his back, but Perez "entered [the] cell and placed a shield over [Miller's] body along with a massive amount of body weight." *Id.* Miller alleges that Perez began yelling "Raza." *Id.* Someone handcuffed Miller and placed leg restraints on him, and an unidentified nurse injected him with medication. Perez then removed Miller from his cell in a wheelchair.

An unidentified officer pushed Miller's wheelchair outside. Miller alleges that Officers

Perez and Uribe, who were also escorting Miller, grabbed Miller and threw him on the ground. All three officers then "began 'packing' and punching [Miller] with closed fists and knees." ECF No. 1 at 4. After hitting him on the head, the officers lifted Miller up to his feet. Miller walked several steps before falling to his knees, and the officers resumed "beating" him. *Id.* The incident led Miller to suffer two black eyes, a broken or bloody nose, and cuts and contusions to his face, head, and lips. He seeks monetary damages.

## II.    LEGAL STANDARD

Federal courts conduct a preliminary screening of cases in which prisoners seek redress from a governmental entity, an officer, or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under Section 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was

United States District Court
Northern District of California

committed by a person acting under the color of state law. *See* 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under Section 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). "A person deprives another 'of a constitutional right, within the meaning of Section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains].'" *Leer*, 844 F.2d at 633 (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

## III.    DISCUSSION

The treatment of a convicted prisoner while confined, and their conditions of confinement, are subject to scrutiny under the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993). When prison officials are accused of using excessive physical force in violation of the Eighth Amendment, the core judicial determination is whether force was applied in a good-faith effort to maintain or restore discipline, or whether the force was applied maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). In making this determination, a court may evaluate the need for application of force; the relationship between that need and the amount of force used; the extent of any injury inflicted; the threat reasonably perceived by the responsible officials; and any efforts made to temper the severity of a forceful response. *See Hudson*, 503 U.S. at 7; *see also Spain v. Procunier*, 600 F.2d 189, 195 (9th Cir. 1979) (guards may use force only in proportion to need in each situation).

Liberally construing Miller's Complaint, the allegation that Defendant Perez entered Miller's cell without warning, placed a shield over Miller's body, and applied his body weight on Miller, who had laid on the floor and placed his arms behind his back, states a cognizable Eighth Amendment excessive force claim. Similarly, Miller's allegation that Defendants Uribe, Perez, and the unnamed "Doe" officer pushed him off his wheelchair and repeatedly punched him in the head without any apparent provocation states a cognizable claim of Eighth Amendment deliberate

United States District Court
Northern District of California

3

indifference against each Defendant. *See Watts v. McKinney*, 394 F.3d 710, 712-13 (9th Cir. 2005) (finding that kicking the genitals of a prisoner who was on the ground and in handcuffs constituted an act taken with cruel and sadistic purpose to harm another). Miller is cautioned that to effectuate service against the unnamed third officer he will need to provide that officer's name following discovery.

## IV.    CONCLUSION

The Court orders as follows:

1.  Miller states a cognizable claim of Eighth Amendment excessive force against Defendants Perez, Uribe, and the unnamed "Doe" correctional officer.

2.  Defendants Perez and Uribe shall be **SERVED**.

    a.  Service shall proceed under CDCR's e-service pilot program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk of the Court is directed to serve on CDCR via email the following documents: the Complaint (ECF No. 1), this order, a CDCR Report of E-Service Waiver form, and a summons.

    b.  No later than **45 days** after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court whether Defendants will be waiving service of process without the need for service by the United States Marshal Service ("USMS") or whether any Defendant declined to waive service. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office, which, within **21 days of service**, shall file with the Court a waiver of service of process for the Defendants waiving service.

    c.  Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each Defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form. The Clerk shall provide to the USMS the completed USM-285 form and copies of this

United States District Court
Northern District of California

order, summons, and operative complaint for service upon each Defendant who has not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

   d.  Additionally, the Clerk shall mail a copy of this order to Miller.

3.  To expedite the resolution of this case, the Court orders the following briefing schedule:

   a.  No later than **90 days** from the date of service, Defendants will file a motion for summary judgment or other dispositive motion.  The motion will be supported by adequate factual documentation, shall conform in all respects to Federal Rule of Civil Procedure 56, and will include as exhibits all records and incident reports stemming from the events at issue.  If Defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they will inform the Court prior to the date the dispositive motion is due.  All papers filed with the Court will be promptly served on Miller.

   b.  At the time the dispositive motion is served, Defendants will also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-54 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003).  *See Woods v. Carey*, 684 F.3d 934, 940-41 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for non-exhaustion is filed, not earlier); *Rand*, 154 F.3d at 960 (separate paper requirement).

   c.  Miller's opposition to the dispositive motion, if any, will be filed with the Court and served upon Defendants no later than **28 days** from the date the motion was served upon him.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand*, 154 F.3d at 953-54, and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir.

5

1988).  If Defendants file a dispositive motion claiming that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), he should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which must be provided to him as required by *Wyatt*, 315 F.3d at 1120 n.4.

    d.  If Defendants wish to file a reply brief, they shall do so no later than **14 days** after the opposition is served upon them.

    e.  The motion shall be deemed submitted as of the date the reply brief is due. Absent a further order of the Court, no hearing will be held on the motion.

4.  All communications by Miller with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

5.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

6.  It is Miller's responsibility to prosecute this case.  Miller must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 10, 2026

Noël Wise
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.

United States District Court
Northern District of California