UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH MICHAEL MILLER,

Plaintiff,

v.

URIBE, et al.,

Defendants.

Case No. 25-cv-07357-NW

**ORDER DIRECTING PLAINTIFF TO PROVIDE FURTHER INFORMATION TO EFFECTUATE SERVICE OF DEFENDANT PEREZ**

Plaintiff Joseph Michael Miller, a state detainee proceeding pro se, filed the instant civil rights lawsuit against Defendants Uribe and Perez, both of whom he alleges were correctional officers working at Salinas Valley State Prison at the time of the October 2021 incident.  The Court ordered service of the Complaint on February 10, 2026.

After the California Department of Corrections and Rehabilitation ("CDCR") notified the Court that it was unable to accept service for, or identify, Defendant Perez, Miller clarified the date of the incident was October 5, 2021, rather than the date in his Complaint, and the Court ordered further attempts at service based on the information provided by Miller.  On May 12, 2026, CDCR notified the Court that the litigation coordinator at SVSP could still not accept service for Defendant Perez because they were unable to identify an individual by that name working in the area where the incident occurred on any of the dates provided by Miller.  *See* ECF No. 16.

As Miller is proceeding *in forma pauperis*, he is responsible for providing the Court with current addresses for all Defendants so that service can be accomplished.  *See Walker v. Sumner,* 14 F.3d 1415, 1422 (9th Cir. 1994), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *Sellers v. United States,* 902 F.2d 598, 603 (7th Cir. 1990).  Federal Rule of Civil

United States District Court
Northern District of California

Procedure 4(m) states that if a Complaint is not served within 120 days from the filing of the Complaint, it may be dismissed without prejudice for failure of service. When advised of a problem accomplishing service, a pro se litigant proceeding *in forma pauperis* must "attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson,* 828 F.2d 1107, 1110 (5th Cir. 1987). If the marshal is unable to effectuate service through no fault of his own, *e.g.*, because the plaintiff failed to provide sufficient information or because the defendant is not where the plaintiff claims, and the plaintiff is informed, the plaintiff must seek to remedy the situation or face dismissal. *See Walker,* 14 F.3d at 1421–22 (prisoner failed to show cause why claims against prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official or that he requested that official be served); *see also Del Raine v. Williford,* 32 F.3d 1024, 1029–31 (7th Cir. 1994) (prisoner failed to show good cause for failing to effect timely service on defendant because plaintiff did not provide marshal with copy of amended complaint until after more than 120 days after it was filed).

Here, service of Defendant Perez has failed twice. Accordingly, **IT IS HEREBY ORDERED** that within **30 days** of the date of this Order, Miller must provide the Court with a current address for Defendant Perez. Failure to do so shall result in the dismissal of Defendant Perez from this lawsuit without prejudice. If Miller provides the Court with a current address, service shall again be attempted. If service fails a third time, all claims against Defendant Perez shall be dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: May 18, 2026

_____
Noël Wise
United States District Judge